LEE, ET AL., v. WATSON, ET AL.

**Garnishee Proceedings.**

> Where one is served with notice as a garnishee defendant and ad-
> mits that he is indebted to the principal defendant, but plaintiff be-
> lieves that he has not disclosed the full amount of such indebtedness,
> an issue thereon may be formed as between the plaintiff and such
> garnishee defendant, and such matter may be fully litigated or such
> plaintiff may file an original petition as against him and have the
> matter fully determined.

APPEAL FROM MARION COURT OF COMMON PLEAS.

January 17, 1880.

OPINION BY JUDGE PRYOR:

The pleadings are so confused in this case that it is difficult to
learn the real issue on this appeal. The question, and the only one
we propose to consider, is the right of the appellants to show, upon
proper allegations by an amended pleading, that the garnishee has
failed to disclose the real amount of his indebtedness.

Rodimer had been garnisheed by Bailey & Watson to secure a
debt owing them by Mike Lee. Rodimer came into court and ad-
mitted an indebtedness. These appellants by petition were made
parties, and they claim that the amount owing by Rodimer had been
transferred to them, and by an amended cross-petition allege that
Rodimer had failed to make a full disclosure of his indebtedness for
the corn, but was owing a larger sum for corn sold and delivered
by the debtor to him at his request, etc. They were permitted to be
made parties and exhibited a claim to this particular fund. The in-
debtedness by Rodimer to Lee originated from a single transaction;
and by an express provision of the Code an attaching creditor may,
by an original or amended pleading, proceed against the garnishee
by petition when the latter fails to make disclosure. These appel-
lants were before the chancellor asserting their right to the whole
fund, and said to the garnishee, "You owe more than you admit,"
and then set forth the consideration.

The garnishee is out of court in so far as he is required to plead
when he files his answer denying or admitting, if a mere garnishee;
and the only way you can get him into court is by an amended plead-
ing in the same action or an original petition attacking the truth of
the statements made by him and setting forth a cause of action by
the debtor. These appellants were compelled to come into court to

litigate their right to the money, and it being a single transaction we see no reason why they should not be allowed to say that the debt was for more than is admitted and require the garnishee by a proper pleading to respond as to the claim. The chancellor ought not to sever the claim, and by rendering a judgment for a part of it in one action require the party entitled to bring his separate action for the remainder. But it is alleged that the amount claimed against the garnishee exceeding the sum admitted by him is under fifty dollars, and therefore there is no jurisdiction to revise. The claim is a unit, and the whole of it in controversy. It is as if an original action had been brought, and the party admitted an indebtedness of all but $47. The amount claimed in the petition must govern. We see no reason, particularly in a court of chancery, for saying that parties who are compelled to litigate about one transaction in order to have their rights determined shall have a part of the relief in one court, but in order to obtain complete relief must seek another forum, that they can take judgment for a part of the note, but as to the balance must sue at law. It prevents multiplicity of actions by putting an end to litigation when all the parties are before the court and required to assert their rights.

To determine otherwise, the plaintiff in the attachment and the plaintiff in the cross-petition have a cause of action for one part of the debt in this proceeding, and another for the balance due in an independent action, and perhaps in the same forum. When each party is asserting a right to the entire claim, and the one or the other is entitled to it, they should be allowed to litigate their right, and a judgment be rendered in favor of the party entitled. The question as to damages by reason of the garnishee will be settled should the appellants recover by a judgment for the debt, interest and their costs; this is all they can recover.

Judgment *reversed* and cause remanded.

*Russell & Arritt, for appellants. John McChord, for appellees.*